PEGGY J. JONES *v.* JO JONES'S ADM'R.

**Contract of Separation Between Husband and Wife.**
Where no cause for a divorce is shown to exist, if a husband hires his wife to leave him she cannot recover the price agreed to be paid unless there was some other cause for the separation, for this would be against public policy.

APPEAL FROM CALDWELL CIRCUIT COURT.

January 23, 1877.

OPINION BY JUDGE ELLIOTT:

Appellant and Jo Jones, the appellee's intestate, were married in 1864 and lived together apparently with much affection for each other for about ten years. In 1874 they concluded to separate, and Jo Jones called in two of their neighbors to witness the contract between them by which they agreed to divide their estate and to separate and live no more together as man and wife.

By this agreement appellant was to receive all the property she brought to the husband's possession on the marriage, and one-half of all the household and kitchen furniture that had been accumulated during the marriage, and appellant was not to defend a divorce to be brought by her husband. In pursuance of this agreement they did separate and ceased to live together ever afterwards.

In about one year after the separation Jo Jones departed this life and appellee was appointed his administrator, and the appellant demanded the property which she considered due her under the contract; and on refusal of the appellee to deliver it to her, she brought this suit, and having been unsuccessful in the court below, she has appealed.

There can be no doubt that where there is such cause for immediate separation of a man and wife as would authorize a divorce from bed and board, or a final divorce from each other, a contract of the husband with his wife, such as the one set up by appellant, would be enforced in a court of equity against him if living, or his representative if dead. But this contract cannot be enforced for two reasons; the first is that there is no evidence that there was any cause for this divorce, or that it was induced by any other motive except the property which was promised appellant by her husband.

If a husband hires his wife to leave him she cannot recover the price agreed to be paid, unless there was some other cause for the separation, for this would be against public policy and tend to throw reproach on the marital relation. But as a part of the agreement of separation between appellant and her husband she was not to defend a divorce suit to be afterwards brought by him against her, and as this was against public policy it rendered the whole contract and agreement between the parties void.

Wherefore the judgment of the court below is *affirmed*.

G. W. Duvall, for appellant.   T. J. Morrow, for appellee.